# IN THE COURT OF APPEALS OF IOWA

No. 25-0242
Filed April 9, 2025

**IN THE INTEREST OF T.W.,**
**Minor Child,**

**T.R., Father.**
    Appellant.
_____

    Appeal from the Iowa District Court for Adair County, Jordan Brackey, Judge.

    The father appeals the termination of his parental rights. **AFFIRMED.**

    Nicholas J. Einwalter, Dubuque, for appellant father.

    Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney General, for appellee State.

    Deborah L. Johnson, Altoona, attorney and guardian ad litem for minor child.

    Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**GREER, Presiding Judge.**

The juvenile court terminated the incarcerated father's parental rights to T.W., born in 2023, under Iowa Code section 232.116(1)(h) (2024).[1] On appeal, the father concedes the State proved the statutory ground for termination. He argues termination of his rights is not in the child's best interests and that a guardianship with the maternal grandmother in lieu of termination is the best option for T.W., as it would allow her to have a positive relationship with her father while also providing her with the safety and stability she needs.[2]

We review termination proceedings de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (citation omitted).

The juvenile court may establish a guardianship in lieu of terminating parental rights after a termination-of-parental-rights trial. *See* Iowa Code § 232.117(5); *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017). Section 232.104(2)(d) allows the court to "[t]ransfer guardianship and custody of the child to an adult relative, a fictive kin, or another suitable person." Iowa Code

---

[1] The mother's parental rights were also terminated; she has not challenged that ruling.

[2] The father also argues that the juvenile court should have declined to terminate his parental rights because T.W. is in the legal custody of the maternal grandmother. *See* Iowa Code § 232.116(3)(a). But the father is mistaken; according to the juvenile court's orders, T.W. is in the legal custody of the Iowa Department of Health and Human Services and placed with the grandmother. So, the exception to termination in section 232.116(3)(a) does not apply. *See In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021). We do not consider the father's argument further.

§ 232.116(2)(d)(2). Before the court can do so, it must find all of the following by clear and convincing evidence:

> a. A termination of the parent-child relationship would not be in the best interest of the child.
> b. Services were offered to the child's family to correct the situation which led to the child's removal from the home.
> c. The child cannot be returned to the child's home.

*Id.* § 232.104(4).

The juvenile court rejected the father's request to establish a guardianship, concluding termination of the father's rights is in T.W.'s best interests. The court reasoned:

> This court agrees with the State that a guardianship is not 'true' permanency for [T.W.], especially considering her young age. . . .
> [The father] . . . testified that he would not disrupt the guardianship process. And to [his] credit, he has demonstrated an ability to appreciate the grandmother and work with her to maintain a relationship with [T.W.]. But "a guardianship is not a legally preferable alternative to termination." If guardianship is established, the guardian would have to provide annual reports, and it could be subject to challenge at any time. Guardianship would have various requirements under Iowa Code section 232D and even if established involuntarily, could place the burden on the guardian to keep the guardianship in place if [the father] were to ever demonstrate a prima facie case as to why the guardianship was no longer necessary. While [the father] may be able to testify today that he does not believe he will disturb guardianship, [he] is also now experiencing a period of sobriety as opposed to his long history of use and poor decision making. This court cannot trust the [father] that presents today is going to be presenting the same way when returned to the community after his discharge if he does not take care of himself. Furthermore, guardianship would give [the maternal grandmother] less ability to protect herself and [T.W.] from either parent if they continue to not address their mental health struggles, domestic violence, or substance use. Termination will give the adoptive placement the ability to set all boundaries and allow [T.W.] as much or as little contact as they determine is appropriate. Simply put, this court does not believe this is a case that the less preferred option of guardianship would be appropriate.

(Internal citations omitted.)

We agree with the juvenile court. This is not a case where the child and parent have experienced a close, healthy relationship that could be revived in the future. *Cf. B.T.*, 894 N.W.2d at 31, 33 (establishing guardianship when the mother was "a dedicated and loving parent who shares a close relationship with the child" when sober). T.W. was less than three months old when she was removed from parental custody in February 2024. And the father had no in-person contact with her between then and the December 2024 termination trial.[3] It seems unlikely T.W. would even recognize the father. Termination is also in T.W.'s best interests because of her young age; she was not yet one year old at the time of the termination trial. *See A.S.*, 906 N.W.2d at 478 (rejecting request for guardianship when child at issue was two years old); *see also In re M.S.*, No. 24-1545, 2025 WL 52857, at *2 (Iowa Ct. App. Jan. 9, 2025) ("This child's age—less than three years old at the time of the termination hearing—weighs against a guardianship.").

We affirm the termination of the father's parental rights.[4]

**AFFIRMED.**

---

[3] The father was outside carceral custody during some of this time, yet he did not visit T.W. or work toward meeting any case plan goals. At trial, he candidly testified that his drug use prevented him from participating.

[4] While we agree with the juvenile court that this is not a case where a guardianship in lieu of termination is in the child's best interests, we hope—as was expressed at trial—that the maternal grandmother will be supportive of T.W. having contact with the father if and when he is healthy and appropriate.